EVANS v. COLLECTOR OF CUSTOMS OF PORT OF SAN FRANCISCO.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1901.)

No. 626.

CUSTOMS DUTIES—CLASSIFICATION—ANTHRACITE COAL.

Anthracite coal, containing less than 92 per centum of fixed carbon, is within paragraph 415 of the tariff act of 1897, which imposes a duty on "coal, bituminous, and all coals containing less than 92 per centum of fixed carbon," and is not entitled to free entry under paragraph 523, in

the free list, which includes "coal, anthracite, not specially provided for in this act."

Appeal from the Circuit Court of the United States for the Northern District of California.

Smith & Pringle, for appellant.

Marshall B. Woodworth, Asst. U. S. Atty. (Frank L. Coombs, U. S. Atty., of counsel), for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. The only question involved in this appeal is whether a cargo of anthracite coal containing less than 92 per centum of fixed carbon is subject to duty under the provisions of paragraph 415 of the tariff act of 1897, or whether it should be admitted free of duty under the provisions of paragraph 523 of said act. In Coles v. Collector, 40 C. C. A. 478, 100 Fed. 442, this identical question was presented to this court. It was ably argued, and received a careful and deliberate consideration. Our conclusion was that the coal in question was subject to duty, and not entitled to be admitted free. Thereafter appellant petitioned this court for a rehearing, based principally upon the ground that, in the judgment of the petitioner, the reasons given and conclusions reached by the supreme court in Chew Hing Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412, were adverse to the views expressed by this court in the Coles Case. That decision was carefully examined, with the result that, in our opinion, it did not sustain the contention of appellant's counsel, and was not in opposition to the conclusion reached by this court in the Coles Case. The petition for rehearing was therefore denied. Appellant then petitioned the supreme court for a writ of certiorari to review the decision of this court. In this application the attention of that court was called to the decision in Chew Hing Lung v. Wise, and it was claimed by petitioner that the opinion of this court was not in accord with the views therein expressed. The petition for the writ of certiorari was denied. 177 U. S. 695, 20 Sup. Ct. 1029, 44 L. Ed. 946. In the light of these facts, we respectfully decline to reconsider the same identical question, conscious of the fact that a rediscussion would result in the same conclusion arrived at by this court in the Coles Case. We adhere to the views therein expressed. The judgment of the circuit court is affirmed.